JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

10-C-1292

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

LINDA SEAWRIGHT

**(b)** County of Residence of First Listed Plaintiff   PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
REGINALD ALLEN, ESQUIRE
7601 CRITTENDEN STREET, UNIT F12
PHILADELPHIA, PA 19118

## DEFENDANTS

CONTRACT CALLERS, INC.

County of Residence of First Listed Defendant   MONTGOMERY
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government
  Plaintiff
- ☒ 3  Federal Question
  *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government
  Defendant
- ☐ 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                              *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TITLE VII AND THE PHRA

Brief description of cause:
EMPLOYMENT DISCRIMINATION - SEX

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
151,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

MAR 21 2016

S-T

DATE
03/16/2016

SIGNATURE OF ATTORNEY OF RECORD
*Reginald Allen*

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

# UNITED STATES DISTRICT COURT

16 - 1292

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _5913 Reach Street, Phila, PA 19120_

Address of Defendant: _2829 Philmont Avenue, Huntingdon Valley, PA 19006_

Place of Accident, Incident or Transaction: _2829 Philmont Avenue, Huntingdon Valley, PA 19006_
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))        Yes☐  No☑

Does this case involve multidistrict litigation possibilities?        Yes☐  No☑

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?        Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?        Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?        Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?        Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

**A.** *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) _Employment Discrimination_

**B.** *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _Reginald Allen_, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _3/17/2016_    _Reginald Allen_    _77083_
Attorney-at-Law    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

MAR 21 2016

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _3/17/2016_    _Reginald Allen_    _77083_
Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Linda Seawright                          CIVIL ACTION

v.                                 16        1292

Contract Callers, Inc.            NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
   and Human Services denying plaintiff Social Security Benefits.                           ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
   exposure to asbestos.                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
   commonly referred to as complex and that need special or intense management by
   the court.  (See reverse side of this form for a detailed explanation of special
   management cases.)                                                                      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (☒)

 3/16/2016           Reginald Allen          Linda Seawright
**Date**              **Attorney-at-law**      **Attorney for**

 (215) 242-3875      (267) 323-2037          Reginald.Allen08@comcast.net
**Telephone**         **FAX Number**           **E-Mail Address**

(Civ. 660) 10/02

MAR 21 2016

$400



IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA SEAWRIGHT<br>5913 REACH STREET<br>PHILADELPHIA, PA 19120<br>PLAINTIFF,<br><br>V.<br><br>CONTRACT CALLERS, INC.<br>2829 PHILMONT AVENUE<br>HUNTINGDON VALLEY, PA 19006<br>DEFENDANT. | : CIVIL ACTION NO.<br>:<br>: JURY TRIAL DEMANDED<br>:<br>:<br>:     16     1298<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

### JURISDICTION

1.  This matter is brought pursuant to Title VII of the Civil Rights Act of 1964 as

    amended (Title VII), and the Pennsylvania Human Relations Act (PHRA).

    Jurisdiction is based on 28 U.S.C. S 1331 and Title VII.  Jurisdiction is also

    based on diversity of citizenship pursuant to 28 U.S.C. S 1332, and damages

    recoverable exceed $75,000.00 (seventy thousand dollars and zero cents),

    exclusive of interest and costs.  Supplemental jurisdiction for the state law

    claim is invoked pursuant to 28 U.S.C. S 1367 (a) to hear and adjudicate

    state law claims.

### PARTIES

2. Plaintiff Linda Sea wright (from hereinafter, plaintiff) is a resident of the Commonwealth of Pennsylvania and she currently resides at the address in the caption above.

3. Defendant Contract Callers, Inc. (from hereinafter "defendant") is a corporation in the state of Missouri, which also has a business at the address in the caption above, and it does substantial business in the Commonwealth of Pennsylvania, at the address in the caption above.

## ADMINISTRATIVE AGENCY REQUIREMENTS

4. Plaintiff filed a charge of discrimination with the United States Equal Opportunity Commission (US EEOC), which was cross filed the Pennsylvania Human Relations Commission at EEOC Charge No. 530-2014-00660 and she received a right to sue letter dated December 22, 2015, which she received on/around December 27, 2015.

## FACTUAL ALLEGATIONS

5. Plaintiff began working for defendant in/around March 2009 as an hour notice dropper, essentially she would deliver shut off notices for utility companies, which defendant contracted with, for this service, for example, "PECO".

2

6. Plaintiff performed her duties in no less than a satisfactory manner during her employment with defendant, and she was qualified for her duties at all times relevant to the averments of this complaint.

7. Throughout plaintiff's employment with defendant, she observed that male employees were treated more favorably than female employees, including herself, by defendant management/supervisor(s), including Tamieka Shank.

8. On one occasion, Ms. Shank issued discipline to plaintiff for allegedly being two minutes late in reporting for work, while Shank excused a male counterpart for the same level of alleged lateness.

9. Once, Shank issued work assignments to plaintiff's male counterparts in violation of defendant's policy for issuing such assignments based on seniority – plaintiff had such seniority, and should have been given the work.

10. Shank offered part time assignments to a male employee after he had submitted his resignation, which was inconsistent with defendant's policy, again depriving plaintiff of work.

11. Shank generally treated male employees with more civility than she did plaintiff and other females.

3

12. Shank would appear to go out of her way to find ways to fire plaintiff.

13. On/around August 19, 2013, plaintiff was fired by defendant after a non-customer allegedly complained against her – defendant knew that plaintiff had not violated any of its policies or work rules, but it chose to fire plaintiff for arbitrary reasons, which were based on sex discrimination.

14. Plaintiff filed a grievance with her union about her termination from employment, and she was reinstated to work, however she was given a "last chance agreement".

15. Defendant knew that plaintiff had not done anything wrong to warrant being on a last chance agreement.

16. On/around October 8, 2013, defendant fired plaintiff again for allegedly violating her last chance agreement – defendant knew that plaintiff had not committed any offense for which she should have been constituted to violate the last chance agreement, and she had not committed any offense warranting termination from employment.

17. The offenses for which plaintiff was fired on both occasions paled in comparison with offenses committed by male employees of defendant, including employees Henry Brew and Jamal Young, who were not fired

4

(both of these employees shared the same supervisor as plaintiff).

18. Upon information and belief, there are other male employees of defendant, who committed more egregious acts than plaintiff is alleged to have committed, who were not fired, which defendant knows.

19. Upon information and belief, plaintiff was employed by a male employee

20. As a result of defendant's conduct against plaintiff, she suffered severe economic harm.

21. As a result of defendant's conduct against plaintiff, she suffered severe emotional distress, including that of losing her job shortly after she gave birth, and she lost her means to support her child.

FIRST CAUSE OF ACTION – SEX DISCRIMINATION IN VIOLATION OF TITLE VII

22. Plaintiff incorporates paragraphs 1-21 above as though fully set forth herein.

23. Plaintiff is female.

24. At all times relevant to this action, plaintiff was qualified for her duties and performed them in no less than a satisfactory manner.

25. Defendant fired plaintiff for alleged offenses that she did not commit,

5

based on her sex, female, and it treated similarly situated male employees who committed more egregious acts than plaintiff, better than plaintiff, and did not fire those male employees.

26. Upon information and belief, plaintiff was replaced by a male employee.

27. Plaintiff suffered severe economic harm as a result of defendant's conduct.

28. Plaintiff suffered severe emotional distress from defendant's conduct.

WHEREFORE, plaintiff requests judgment in her favor against defendant and she requests the following relief:

    a. Back pay;

    b. Front pay;

    c. Compensatory damages;

    d. Punitive damages;

    e. Reasonable Attorney's fees and costs;

    f. Any other relief the Court deems appropriate.

### SECOND CAUSE OF ACTION – VIOLATION OF THE PHRA

29. Plaintiff incorporates paragraphs 1-28 above as though fully set forth herein.

6

30. Defendant's actions described above constitute sex discrimination in violation of the PHRA.

31. As a result of defendant's aforementioned acts, plaintiff suffered economic harm and severe emotional distress.

WHEREFORE, plaintiff requests judgment in her favor against defendant and requests the following relief:

   a. Back pay;

   b. Front pay;

   c. Compensatory damages;

   d. Any other relief the Court deems appropriate.

Respectfully submitted,

Reginald Allen, Esquire

7